IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MAX H. HUTCHISON II, TRUSTEE, UNDER THE MAX H. HUTCHISON TRUST UA DATED APRIL 27, 2016, <br><br>Plaintiff, <br><br>v. <br><br>U.S. DEPARTMENT OF AGRICULTURE FOREST SERVICE, RANDY MOORE in his official capacity as Chief of the United States Forest Service, STATE OF GEORGIA DEPARTMENT OF NATURAL RESOURCES, and WALTER RABON in his official capacity as Commissioner of the Georgia Department of Natural Resources, <br><br>Defendants. | Civil Action File <br><br>No.  2:23-cv-00275-RWS |

**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

NOW COMES Plaintiff Max H. Hutchison II, Trustee, under the Max H. Hutchison II Trust UA dated April 27, 2016 by Max H. Hutchison ("Plaintiff") and hereby files his Complaint against the U.S. Department of Agriculture Forest Service, Randy Moore in his official capacity as the Chief of the United States Forest Service, the State of Georgia Department of Natural Resources, and Walter

Page 1

Rabon in his official capacity as Commissioner of the Georgia Department of Natural Resources (collectively "Defendants") and shows this Court as follows:

**Parties, Jurisdiction and Venue**

-1-

Defendant U.S. Department of Agriculture Forest Service ("USFS") is an agency of the U.S. Department of Agriculture that administers national forests and grasslands across the United States. USFS is subject to the jurisdiction of this Court and may be served with process through its Chief, Randy Moore.

-2-

Defendant State of Georgia Department of Natural Resources ("GA DNR") is an administrative agency of the State of Georgia and has statewide responsibilities for managing and conserving Georgia's natural, cultural, and historical resources. GA DNR has five divisions, including Parks, Recreation and Historic Sites. GA DNR is subject to the jurisdiction of this Court and may be served with process through its Commissioner, Walter Rabon.

-3-

Randy Moore, as the Chief of the United States Forest Service, is subject to the jurisdiction of this Court.

-4-

Walter Rabon, as the Commissioner of the Georgia Department of Natural Resources, is subject to the jurisdiction of this court.

-5-

This Court has subject matter jurisdiction over this action under 42 U.S.C. § 1983 and 28 U.S.C. § 2201.

-6-

This Court has supplemental jurisdiction over Plaintiff's claims under Georgia law for Inverse Condemnation pursuant to O.C.G.A. § 22-1-5 and the Georgia Constitution because those claims are so related to claims in this action under federal statutes that they form part of the same case or controversy.

**FACTUAL ALLEGATIONS**

-7-

Plaintiff is the owner of certain real property (the "Property") in Rabun County, Georgia, which property is designated as Tax Parcel No. 041 023 and which is part of that property conveyed to Plaintiff in the Georgia Special Warranty Deed dated December 4, 2017 from Max H. Hutchison II, Successor Trustee, under the Max H. Hutchison Revocable Trust dated April 27, 2016 to Max H. Hutchison II, Trustee, under the Max H. Hutchison II Trust UA dated April 27,

2016 by Max H. Hutchison recorded in Deed Book T44, Pages 195-197, Rabun County, Georgia deed records.

-8-

The Property is a parcel combined from several land acquisitions set forth below and is more particularly depicted on the plat of survey dated December 5, 1973, prepared by T. Lamar Edwards, Georgia Registered Surveyor No. 1837, Plat Book 57, Page 127, Rabun County, Georgia deed records.

-9-

The Property was acquired in part by Max H. Hutchison II's Paternal Great Grandmother, M. M. Mitchell, from Ira G. Taylor by a deed dated January 16, 1917, which deed is recorded in Deed Book AA, Pages 232-233, Rabun County, Georgia deed records.

-10-

The Property was also acquired in part by Max H. Hutchison II's Paternal Grandmother, Miss Maude Mitchell (Hutchison), from Will Smith by a deed dated October 30, 1923, which deed is recorded in Deed Book C-2, Pages 524-525, Rabun County, Georgia deed records.

-11-

The Property was also acquired in part by Max H. Hutchison II's Paternal Grandfather, S. B. Hutchison, from A.W. Scott and Jane S. Scott by a deed dated

September 17, 1946, which deed is recorded in Deed Book T-2, Pages 509-510, Rabun County, Georgia deed records.

-12-

Subsequent to M. M. Mitchell's, Miss Maude Mitchell's, and S. B. Hutchison's land acquisitions of what would be combined as the Property, the U.S. Department of Agriculture Forest Service (the "USFS") and the State of Georgia Department of Natural Resources ("GA DNR") acquired lands bordering the Property. The majority of USFS lands bordering the Property were acquired by the United States of America condemning the land from Max H. Hutchison II's Paternal Great Grandmother, M.M. Mitchell, dated April 26, 1937, as recorded in Deed Book L-2, Pages 204-211, Rabun County, Georgia deed records.

-13-

The USFS properties bordering the Property are part of the Chattahoochee-Oconee National Forest. These properties border the Property to the west and the north.

-14-

The GA DNR properties bordering the Property are part of the Black Rock Mountain State Park. These properties border the Property to the east.

-15-

Property bordering the Property to the south is privately-owned and the terrain is extremely steep and inaccessible.

-16-

No known legal right of access to the Property exists across any of the bordering properties. Accordingly, the Property is landlocked.

-17-

Plaintiff is denied any and all economically beneficial use of the Property due to the lack of access.

-18-

Plaintiff's father, Max Hutchison, applied to GA DNR for an easement across Georgia property to secure access to the Property, and such application was denied in 2008.

-19-

Plaintiff's father then applied to USFS for a Special Use Permit to obtain access across federal lands to access the Property.

-20-

Plaintiff's father received a final determination letter from then USFS Forest Supervisor George Bain (the "Denial Letter") dated October 30, 2008 denying the application for a Special Use Permit. A true and correct copy of the Denial Letter

from Supervisor Bain is attached hereto as Exhibit A. The Denial Letter states that the request was denied because access to the Property could be achieved by utilizing land under other ownership, referring to lands owned by the State of Georgia and that the use of federal lands was not necessary.

-21-

The Denial Letter relies upon a Recommendation to Deny Special Use Proposal (the "Recommendation Letter") from USFS District Ranger Jensen to the Forrest Supervisor dated October 17, 2008, a true and correct copy of which is attached hereto as Exhibit B. Therein, District Ranger Jensen stated that if access was granted by GA DNR to cross state lands providing access to the Property through proposed Route #4, he would likely recommend approval of the minimal amount of federal lands that would be impacted for this route.

-22-

All historical access routes (pre-1935) to the Property were assessed by the USFS and discussed in the Recommendation Letter, respectively referenced as Routes #1, #2, and #4. A map of the historical access routes is attached hereto as Exhibit "C."

-23-

Historically, the primary access to the Property was Route #4 as depicted on Exhibit C and as referenced in the Recommendation Letter. Route #4 is also

known as the "County Road" as it was previously a county road and it is now on state lands.

-24-

The County Road provided historical access to the northeast corner of the Property and its approximate location is depicted and illustrated by Plaintiff as follows: on a map of a Department of Interior US Geological Survey Georgia-North Carolina Dillard Quadrangle Map (1935), a copy of said map being attached hereto as Exhibit "D" and an enlarged portion of said map with the Property and the County Road overlayed is attached hereto as Exhibit "E"; on a plat of survey for E.M. Canup dated November 9, 1925, prepared by J.A. Reynolds, Rabun County Land Surveyor, Plat Book 1, Page 227, Rabun County, Georgia deed records, attached hereto as Exhibit "F"; on a plat of survey for Max Hutchison dated December 5, 1973, prepared by T. Lamar Edwards, Georgia Registered Surveyor No. 1837, recorded at Plat Book 57, Page 127, Rabun County, Georgia deed records, attached hereto as Exhibit "G"; and on the current Rabun County Tax Parcel Map, attached hereto as Exhibit "H."

-25-

Even though the County Road has been abandoned by Rabun County, the County Road can be restored with minimal effort. Most of the existing roadway is free of trees and shrubs, but grading of the road is needed so it can be brought back

to acceptable standards for vehicular traffic. There would be minimal to no disturbance of existing waterways due to the existing county road layout. A route change at the terminus of the County Road is necessary to reconnect it with North Germany Road. All other historical access routes to the Property are presently impassable to vehicular traffic and have been abandoned.

-26-

After the passing of Plaintiff's father in 2017, Plaintiff attempted to obtain legal access to the Property by engaging the USFS and GA DNR, knowing that both defendants had previously declined requests by Plaintiff's father to obtain access to the Property.

-27-

Looking at alternative approaches for getting access to his Property, Plaintiff then forwarded and discussed with Steven Bott, USFS Employee, (1) his initial draft proposal for a land swap, and (2) the tax parcel map depicting the old county road accessing Parcel 041 023 from N. Germany Road on February 22, 2018. The land swap proposal was sent to Mr. Bott the following day.

-28-

On November 17, 2020, Plaintiff spoke with Mr. Ryan Foote regarding the land swap proposal that was submitted 2½ years earlier with the USFS. During these discussions, topographic maps depicting the County Road were also sent to

Mr. Foote. Mr. Foote acknowledged the misplaced land swap proposal and suggested that the best way to move forward is with a two-part solution: (1) a short-term solution, a special use permit is needed for a road access the Property and (2) a long-term solution, resubmitting the land swap proposal; with both solutions proceeding concurrently.

-29-

On or about October 22, 2021, Julia Sparks, USFS Realty Specialist, confirmed to the Plaintiff that the USFS had no interest in completing the proposed land swap, and relayed that the proposal for a road access would continue.

-30-

During this same time, Plaintiff resubmitted another right-of-way request to the GA DNR to cross GA DNR property as an alternative to the land-swap proposal and on November 8, 2021, Plaintiff received a letter from GA DNR summarily denying his request for a right-of-way. A true and correct copy of the proposal and denial letter are attached hereto as Exhibit "I" and "J", respectively. Plaintiff also forwarded the letter to Ms. Sparks for her to review.

-31-

The most recent GA DNR proposal submitted shows another route across state park lands that could be used to access the Property. *See* Exhibit I. This route appears to be the most reasonable, feasible route to the Property as the route flows

with the land and this route has an estimated road grade of only 1%. As shown in this proposal, the proposed route from Pioneer Road to the southeast corner of the Property does not cross or use any primary trail. Nevertheless, those were the primary reasons given for declining the easement request. *See* Exhibit J.

-32-

On or about December 21, 2022, Mr. Foote told Plaintiff that the proposal for road access was no longer moving forward due to the current rules and regulations in place. An informal discussion also took place about re-opening the land swap proposal, but that proposal never gained any traction or resulted in any resolution for Plaintiff.

-33-

Between 2018 and 2023, Plaintiff patiently and thoroughly exhausted all efforts to reach some resolution with the Defendants to obtain a route of legal access to his Property. However, to date no access has been granted.

-34-

The Denial Letter from USFS, which states that it is not appealable, and the denials from GA DNR, have restricted and continue to restrict Plaintiff's access to and use of the Property.

-35-

Presently, the Property remains landlocked and Plaintiff is unable to access or use the Property in any meaningful manner. Accordingly, Plaintiff has been deprived of any and all economically beneficial use of the Property.

-36-

The foregoing allegations evidence that Plaintiff has exhausted any and all administrative remedies available to him.

## COUNT I

**Declaration of Easement by Necessity
Pursuant to 28 U.S.C. § 2201 / USFS and GA DNR**

-37-

Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 36, inclusive.

-38-

The Property is landlocked at no fault of Plaintiff's.

-39-

Plaintiff is entitled to legal access to his Property.

-40-

The only reasonable means of access to the Property is over and through properties of one or both of the Defendants.

-41-

Despite the requests and proposals set forth in this Complaint, Defendants to date have declined to allow Plaintiff use of their respective properties to access the Property.

-42-

A declaratory judgment pursuant to 28 U.S.C. § 2201 is necessary to resolve the uncertainty in this matter and to protect Plaintiff's interests.  There is uncertainty as to the respective property rights and interests in Plaintiff's real property and, in particular, Plaintiff's right to access the Property through Defendants' properties.  If undirected by this Court, Defendant's actions will continue to deprive Plaintiff of access to the Property, depriving Plaintiff of his property rights and causing severe harm to Plaintiff's financial interests.

## COUNT II

**Violation of the United States Constitution and Georgia Constitution Pursuant to 42 U.S.C. § 1983 / USFS and GA DNR**

-43-

Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 42, inclusive.

-44-

Defendants' actions in declining to allow Plaintiff access to the Property is unconstitutional and results in a deprivation of Plaintiff's rights without due

process of law under the Fifth Amendment of the United States Constitution, the Fourteenth Amendment of the United States Constitution, and Article I, Section 1, ¶ 1 of the Georgia Constitution.

-45-

Defendants' actions in declining to allow Plaintiff access to the Property amounts to interference with Plaintiff's property rights and constitutes an inverse condemnation for which Plaintiff is entitled to just and adequate compensation in an amount to be proven at trial.

-46-

Plaintiff has been aggrieved by Defendants' violation of Plaintiff's rights under the United States Constitution and Georgia Constitution as referenced in this Complaint.

-47-

Defendants' violation of Plaintiff's rights under the United States Constitution and Georgia Constitution has deprived and will continue to deprive Plaintiff access to the Property, thus depriving Plaintiff of his property rights and causing Plaintiff to incur damages.

-48-

Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to recover from Defendants his actual damages arising from Defendants' violation of Plaintiff's

rights under the United States Constitution and Georgia Constitution in amounts to be proven at trial. Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to recover from Defendants his general damages arising from Defendants' violation of Plaintiff's rights under the United States Constitution and Georgia Constitution in an amount to be determined by the enlightened conscious of a fair and impartial jury.

-49-

Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to judgment in his favor as sought in this Complaint to redress Defendants' violation of Plaintiff's rights under the United States Constitution and Georgia Constitution.

COUNT III

**Inverse Condemnation Pursuant to Article I, Section 3, ¶ 1 of the Georgia Constitution and O.C.G.A. § 22-1-5 / GA DNR**

-50-

Plaintiff hereby incorporates each and every allegation contained in Paragraphs 1 through 49, inclusive.

-51-

Pursuant to Article I, Section 3, ¶ 1 of the Georgia Constitution, and O.C.G.A. § 22-1-5, GA DNR's refusal to allow Plaintiff access to the Property constitutes an unlawful interference with Plaintiff's right to enjoy the Property. GA DNR's actions have resulted and continue to result in an inverse condemnation

of the Property and have caused and continue to cause damages to Plaintiff in an amount to be determined at trial.

-52-

GA DNR's actions have caused and continue to cause damages to Plaintiff in an amount to be determined at trial, and Plaintiff is entitled to recover damages from GA DNR for its inverse condemnation of the Property.

COUNT IV

**Attorney's Fees Pursuant to O.C.G.A. § 13-6-11**

-53-

Plaintiff hereby incorporates by reference each and every averment contained in Paragraphs 1 through 52, inclusive.

-54-

On or about August 9, 2023, Counsel for Plaintiff sent a letter to Defendants providing an opportunity to discuss resolution to all claims before filing this lawsuit. As of the date of filing of this lawsuit, Plaintiff's claims remain unaddressed and unresolved.

-55-

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense. Accordingly, Plaintiff is entitled to

recover his expenses of litigation, including attorney's fees, pursuant to O.C.G.A. § 13-6-11.

    WHEREFORE, Plaintiff prays that this Court:

(a) Enter an order declaring:

    1. Plaintiff's right to access the Property over and through Defendants' respective properties; and

    2. Defendants' actions in declining to allow Plaintiff access to the Property are unconstitutional and result in a deprivation of Plaintiff's rights without due process of law under the Fifth Amendment of the United States Constitution, the Fourteenth Amendment of the United States Constitution, and the Georgia Constitution;

(b) Enter Judgment in favor of Plaintiff and against Defendants for Plaintiff's actual damages in an amount to be proven at trial;

(c) Enter Judgment in favor of Plaintiff and against Defendants for Plaintiff's general damages in an amount to be determined by the enlightened conscious of a fair and impartial jury;

(d) Award Plaintiff just and adequate compensation for Defendants' inverse condemnation of Plaintiff's property rights and enter judgment in favor of Plaintiff for such just and adequate compensation;

(e) Award Plaintiff its expenses of litigation including attorney's fees; and

(f) Grant such further relief as this court deems just, equitable, and proper.

This 27th day of December, 2023.

**Smith, Gilliam, Williams & Miles, P.A.**
**Attorneys for Plaintiff**

**By:** */s/ R. Brent Hatcher, Jr.*
**R. Brent Hatcher, Jr.**
Georgia Bar No.: 337375
**Keith J. Whitaker**
Georgia Bar No.: 435128
**Daniel M. Dupree**
Georgia Bar No.: 349494
P.O. Box 1098
Gainesville, GA  30503
(t) 770-536-3381
(f) 770-531-1481
bhatcher@sgwmfirm.com
kwhitaker@sgwmfirm.com
ddupree@sgwmfirm.com